**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DEONTE SCOTT,

               Plaintiff,

   v.

SERGEANT MARK CURATOLO,
CORPORAL ALEXANDER GONZALES,
C.O. ABRAHAM MORALES, C.O. JOSEPH
SZALA, C.O. RICHARD ZIEMBICKI,
CAPTAIN DANIEL DONAHUE,
LIEUTENANT ARTHUR KRUGER, and
JOHN DOE MENTAL HEALTH STAFF

               Defendants.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**

21-CV-06995 (GRB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

    *Pro se* plaintiff Deonte Scott ("Plaintiff") commenced this action on November 30, 2021 against defendants Captain Daniel Donahue ("Donahue"); Lieutenant Arthur Kruger ("Kruger"); Sergeant Mark Curatolo ("Curatolo"); Corporal Alexander Gonzales ("Gonzales"); Correction Officers Abraham Morales ("Morales"), Joseph Szala ("Szala"), and Richard Ziembicki (collectively with Donahue, Kruger, Curatolo, Gonzales, Morales, and Szala, "Moving Defendants"); and John Doe Mental Health Staff in connection with events that allegedly occurred between October 2021 and November 2021 while Plaintiff was incarcerated at the Nassau County Correctional Facility ("NCCC"). *See generally*, Electronic Case File Number ("ECF No.") 1 ("Complaint" or "Compl.") (asserting claims against John Doe defendants); Aug. 5, 2022 Order (substituting the Moving Defendants into the action for their John Doe counterparts in the Complaint). In sum, Plaintiff alleges that (1) defendant Morales sexually assaulted him on October 16, 2021, and (2) all defendants acted with deliberate indifference to Plaintiff's resulting medical needs or the confinement conditions Plaintiff endured in the NCCC. *See generally*, Compl.

Presently before the Court is the Moving Defendants' motion under Federal Rule of Civil Procedure ("Rule") 41(b) to dismiss the Complaint for failure to prosecute and comply with Court orders ("Motion"). *See* ECF No. 27. For the reasons set forth herein, the undersigned respectfully recommends that the Court grant the Motion.

## I.   FACTUAL BACKGROUND

The alleged facts set forth herein are taken from the Complaint.

### A.   The Alleged Assault

According to the Complaint, Plaintiff was an inmate at the NCCC in or around October 2021. *See* Compl. at 3. On the morning of October 16, 2021, Morales, Gonzalez, and an unspecified correctional officer allegedly awoke Plaintiff in his NCCC cell, whereupon Plaintiff alleges that Morales sexually assaulted him. *See id.* After he was moved into another cell, Plaintiff reportedly asked an unspecified sergeant (apparently Curatolo) and an unspecified correctional officer to send Plaintiff for medical attention. *See id.* In response, the officers allegedly asked Plaintiff whether he or the other inmates in the cell had weapons, and Plaintiff reportedly "couldn't help" the officers. *Id.* Plaintiff was then (1) informed that NCCC correctional staff found a weapon in Plaintiff's cell, (2) denied the medical care he requested, and (3) sent to the NCCC's "Behavioral Management Unit" ("BMU"). *Id.* at 3, 5. Later that same day, Plaintiff allegedly told "the nurse" about the sexual assault. *Id.* at 5. The following day, "two female doctors that deal with sexual assault victims" spoke to Plaintiff, photographed his buttock area, confirmed that the photographs showed Plaintiff was bruised, and "gave [Plaintiff] medication for the pain." *Id.*

### B.   The Subsequent Living Conditions

Plaintiff reports that he was then put on "Administration Segregation" in the BMU, where he was required to wear shackles and handcuffs with a waistbelt, even during recreation periods. *Id.* Plaintiff asserts that he was not permitted to wear the shackles over his clothing due to a reported

2

NCCC "iron on skin" policy. *Id.* Plaintiff also claimed that the BMU had "wet black mold festering" in the air vents. *Id.* Plaintiff reports that he was subjected to unfair restrictions on personal hygiene items, provided infrequent and subpar foodservice, and forced to listen to other inmates' disruptive sounds. *See id.* at 7 (alleging Plaintiff was not allowed to have a toothbrush, toothpaste, or a spoon; that the food was cold, comparable to plastic, and infrequently served; and that he endured listening to other prisoners scream and "make noise"). Plaintiff allegedly requested private mental health treatment because he was "mentally and emotionally scar[r]ed" after the sexual assault, but reportedly received no mental health treatment beyond inquiries as to whether he was suicidal. *Id.* at 8-9. Plaintiff maintains that the "length and conditions of confinement" in the BMU "seriously compromised [his] sanity." *Id.* at 7.

## II.     PROCEDURAL HISTORY

### A.     Initial Filings

On November 30, 2021, Plaintiff, who was still incarcerated at the NCCC, commenced this action by having the Complaint mailed to this Court.[1] Compl. at 11. On December 14, 2021, the Clerk of the Court received the Complaint. *Id.* at 1. On January 6, 2022, District Judge Gary R. Brown granted Plaintiff's motion to proceed *in forma pauperis* and ordered the Nassau County Attorney's Office to ascertain the addresses and names of the John Doe defendants within thirty days. *See* ECF No. 6. On February 7, 2022, the Nassau County Attorney's Office provided the names of four defendants, noted defendant "John Doe Mental Health Staff" was not a Nassau County employee, and stated it was not yet able to name the three other defendants due to an ongoing internal investigation. *See* ECF No. 9. On February 10, 2022, Judge Brown issued an order staying the case

---

[1] "Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court." *Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)); *see Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 n.3 (2d Cir. 2012) ("While papers are generally deemed filed on the date they are received by a court, a complaint submitted by a prisoner proceeding pro se is deemed filed on the date that he turns his complaint over to prison officials." (internal citations, quotations, and alterations omitted)).

for 120 days due to the ongoing investigation and the Nassau County Attorney's Office's inability to name three of the defendants. Feb. 10, 2022 Order Staying Case.

On May 16, 2022, Plaintiff advised the Court that, as a result of his release from the NCCC, he now resides at 38 Andpress Plaza in Amityville, New York. ECF No. 10. On June 8, 2022, the Court's Pro Se Department sent Plaintiff a letter that, among other things, directed Plaintiff to provide his current telephone number. ECF No. 11. Plaintiff, however, never provided his telephone number.

On August 4, 2022, the Nassau County Attorney's Office provided a status report that identified the final three of the Moving Defendants. ECF No. 12. Judge Brown then directed the Clerk of the Court to update the docket to replace the "John Does" with the names and contact information of the Moving Defendants. Aug. 5, 2022 Order. On October 20, 2022, the Moving Defendants answered the Complaint. ECF No. 15.

### B. Plaintiff's Inaction and the Court's Warnings

#### 1. Failure To Follow Court Orders Regarding Discovery

On October 21, 2022, the undersigned issued an order that (1) directed the parties to submit a joint Proposed Discovery Plan/Scheduling Order ("Discovery Plan") by December 28, 2022; (2) scheduled an in-person initial conference for January 5, 2023 at 11:00 a.m.; (3) advised Plaintiff to consult with the Pro Se Department and Hofstra Pro Se Clinic; and (4) informed Plaintiff that he may sign up to receive electronic notifications of filings. Oct. 21, 2022 Electronic Scheduling Order. Defense counsel served a copy of the order upon Plaintiff that same day. ECF No. 16. On December 12, 2022, the undersigned converted the initial conference from in-person to telephonic. *See* Dec. 12, 2022 Electronic Scheduling Order. On December 19, 2022, Defense counsel served a copy of that order upon Plaintiff. ECF No. 18.

On December 27, 2022, the Moving Defendants informed the Court that they had sent a draft Discovery Plan to Plaintiff at his address of record but received no response. *See* ECF No. 19. Given

4

Plaintiff's *pro se* status, the undersigned (1) extended the Discovery Plan deadline to January 4, 2023 at 12:00 p.m., (2) directed the Moving Defendants to file a status report detailing their communications with Plaintiff if they were unable to file a Discovery Plan by the extended deadline, and (3) reminded Plaintiff of his obligation to attend the January 5, 2023 initial conference by telephone. Dec. 28, 2022 Electronic Scheduling Order. Defense counsel served a copy of that order upon Plaintiff that same day. ECF No. 20.

On January 4, 2023, Defendants filed a status report stating Plaintiff had not responded to any of the mail sent to his address of record and none of that mail had been returned as undeliverable. ECF No. 21. Defense counsel served a copy of that status report upon Plaintiff on the same day it was filed. *See id.*

2.   Failure To Attend Scheduled Court Conferences

On January 5, 2023, Plaintiff failed to appear at the initial conference. ECF No. 22. The minute entry for that conference noted that Plaintiff may be subject to sanctions, including dismissal, if he failed to appear at the next conference, which the Court scheduled for February 16, 2023 at 12:00 p.m. *Id*. The Court also directed Plaintiff to meet and confer with defense counsel to draft the Discovery Plan, extended the Discovery Plan deadline for a third time to February 9, 2023, and instructed defense counsel to file a status report regarding communications with Plaintiff if defense counsel were unable to file the Discovery Plan by the further extended deadline. *Id.* On January 6, 2023, defense counsel served a copy of that order upon Plaintiff. ECF No. 23. On January 31, 2023, the Court advanced the February 16, 2023 conference to 9:30 a.m. Jan. 31, 2023 Order. On February 2, 2023, defense counsel served a copy of that order upon Plaintiff. ECF No. 24.

On February 16, 2023, Plaintiff failed to appear at the scheduled conference. ECF No. 25. The Moving Defendants indicated on the record that they desired to seek dismissal for failure to prosecute. As a result, the undersigned directed the Moving Defendants to file a motion seeking that

5

relief consistent with the Judge Brown's Individual Practice Rules by March 3, 2023.  *Id*.  On February 16, 2023, defense counsel served a copy of that order upon Plaintiff.  ECF No. 26.

### 3. The Instant Motion

On March 2, 2023, the Moving Defendants filed a letter motion with Judge Brown seeking (1) a conference consistent with Judge Brown's Individual Practice Rules for leave to file a motion to dismiss for failure to prosecute, or (2) dismissal of the complaint absent further briefing for failure to prosecute.  ECF No. 27.  That same day, the Moving Defendants served a copy of the Motion upon Plaintiff.  ECF No. 27-1.

On March 10, 2023, Judge Brown referred the Motion to the undersigned for a Report and Recommendation.  Mar. 10, 2023 Order.  That same day, the Clerk of the Court mailed a copy of that Order to Plaintiff.  On March 13, 2023, the undersigned directed Plaintiff to respond to the Motion by April 17, 2023.  Mar. 13, 2023 Electronic Scheduling Order.  That same day, the Moving Defendants served a copy of that order, together with addition copies of the Motion and Judge Brown's referral of the Motion, upon Plaintiff.  ECF No. 28.  Plaintiff has failed to file any response to the Motion.

## III. LEGAL STANDARD

"Rule 41(b) . . . authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).  "A pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'"  *Id*. at 217 (quoting *LeSane v. Hall's Sec Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).  At the same time, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).  Accordingly, "dismissal pursuant to Rule 41(b) is a matter committed to

the discretion of the district court." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (internal quotations omitted); *see Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (similar).

A district court considering a Rule 41(b) dismissal must weigh five factors: (1) "the duration of the plaintiff's failure to comply with the court order," (2) "whether plaintiff was on notice that failure to comply would result in dismissal," (3) "whether the defendants are likely to be prejudiced by further delay in the proceedings," (4) "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard," and (5) "whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 217 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*.

## IV.   DISCUSSION

As set forth herein, the relevant factors weigh heavily in favor of dismissal under rule 41(b).

### A.   Duration Of The Failure To Comply With Court Orders

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Both parts favor dismissal here.

Plaintiff has not complied with the Court's three orders since October 21, 2022 (as noted above, each of which was served on Plaintiff) to confer with defense counsel about the Discovery Plan.[2] *See* Oct. 21, 2022 Electronic Scheduling Order (requiring parties to submit the Discovery Plan by December 28, 2022); Dec. 28, 2022 Electronic Scheduling Order (extending the Discovery Plan deadline to January 4, 2023 at 12:00 p.m. given Plaintiff's non-responsiveness reported in ECF No. 19); ECF No. 22 (extending the Discovery Plan deadline to February 9, 2023 given Plaintiff's non-responsiveness reported in ECF No. 21 and discussed on the record during the January 5, 2023

---

[2] Plaintiff also failed to reply to the Pro Se Office's request for his current phone number. *See* ECF No. 11.

conference). Plaintiff also ignored the Court's scheduling orders (as noted above, those too were served on Plaintiff) by failing to appear for the January 5, 2023 and February 16, 2023 conferences. *See* ECF No. 22 (reporting Plaintiff's absence from the January 5, 2023 conference); ECF No. 25 (reporting Plaintiff's absence from the February 16, 2023 conference). Lastly, Plaintiff has failed to respond to the Motion since it was filed on March 2, 2023.

Plaintiff's inactivity spans a significant time. Plaintiff has taken no action since he notified the Court of his updated address on May 16, 2022, which was over fourteen months ago. *See* ECF No. 10. Plaintiff has failed to comply with the Court's orders since (at the latest) the first missed Discovery Plan deadline of December 28, 2022, which was over six months ago. *See* Oct. 21, 2022 Electronic Scheduling Order (setting that deadline). Plaintiff's lengthy inactivity and defiance of Court orders strongly favor dismissal for failure to prosecute. *See Pena,* 587 F. Supp. 3d at 114 ("This period of inaction, over four months long, weighs strongly in favor of dismissal."); *Jefferson v. Toulon,* No. 21-CV-02417, 2022 WL 18358915 (E.D.N.Y. Dec. 22, 2022) (similar), *report and recommendation adopted,* 2023 WL 266502 (E.D.N.Y. Jan. 18, 2023).

### B. Plaintiff's Notice Of Dismissal

The Court warned Plaintiff three times that failure to appear and/or oppose the Motion could result in dismissal for failure to prosecute. *See* ECF No. 22 (warning on January 5, 2023 that future non-appearances by Plaintiff could lead to dismissal); ECF No. 25 (warning on February 16, 2023 that Defendants could move to dismiss for failure to prosecute by March 3, 2023); Mar. 13, 2023 Electronic Scheduling Order (warning that Plaintiff's failure to respond to the Motion by April 17, 2023 would lead the undersigned to issue a Report and Recommendation based on the current record). "Three warnings are more than sufficient to find this factor counsels in favor of dismissal." *Pena*, 587 F. Supp. 3d at 114; *see Ampudia v. Lloyd*, 531 Fed. App'x. 32, 34 (2d Cir. 2013) ("Dismissals following unheeded warnings generally do not constitute an abuse of discretion."); *see also, e.g.,*

8

*Leybinksy v. United States Citizenship & Immigration Services*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (finding Plaintiff had sufficient notice after one warning).

### C.  Whether The Defendants Are Likely To Be Prejudiced By Further Delay

Plaintiff has failed to take any action in this case for a significant time and provided the Court with no explanation for his inaction. "[P]rejudice to Defendants 'resulting from unreasonable delay may be presumed.'" *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 18 (2d Cir. 2018) (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)); *see Lyell*, 682 F.2d at 43 (same). This factor thus weighs in favor of dismissal.[3] *See, e.g., Jefferson*, 2022 WL 18358915, at *4 (finding the third factor favored dismissal given the presumed prejudice from further delay); *Leybinsky*, 2020 WL 7295661, at *3 (same).

### D.  Docket Management And Plaintiff's Interest In Being Heard

"This factor requires the Court to consider, in relation to each other, the Court's interest in maintaining its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 587 F. Supp. 3d at 114. "[C]ourts distinguish between failures to prosecute based on vexatious and burdensome conduct versus 'silent unobtrusive' failures to prosecute in which the plaintiff simply does not file the requisite papers." *Id.* (quoting *LeSane* 239 F.3d at 210). While Plaintiff's failure to prosecute is a "silent" failure, the Court retains "a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn his attention to this case." *Id.*; *see Jefferson*, 2022 WL 18358915, at *4 (similar). Indeed, "[t]he court should not have to beg the parties before it to litigate the cases they initiate." *Pena*, 587 F. Supp. 3d at 113 (internal quotations omitted); *Thompson v. Snortland*, No. 19-CV-4743, 2022 WL 1597402, at *4 (E.D.N.Y. May 19, 2022) (internal quotations omitted). Here, "the scale balancing the Court's interest with Plaintiff's interest decidedly tips in

---

[3] Unlike Plaintiff, the Moving Defendants through their counsel have complied with court orders, attended conferences, and attempted to confer with their adversary.

9

favor of dismissal . . . Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim."[4] *Jefferson*, 2022 WL 18358915, at *4; *see Leybinsky*, 2020 WL 7295661 at *3 ("The interest in alleviating docket congestion strongly favors closing a case that has stalled for more than six months due to petitioner's failure to comply with court orders").

### E. Consideration Of Less Drastic Sanctions

Because Plaintiff "has failed to respond to court orders over a lengthy period, and [his] *in forma pauperis* status indicates that he would be unable to pay a monetary sanction, [the undersigned] cannot conclude that any sanction less than dismissal without prejudice would be efficacious." *Leybinsky*, 2020 WL 7295661, at *3; *see Jefferson*, 2022 WL 18358915, at *4 (similar); *see also Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) (affirming dismissal for failure to prosecute where plaintiff's failure to respond to the threat of dismissal made it "unclear that a 'lesser sanction' would have proved effective in this case").

## V. CONCLUSION

For the reasons set forth above, all five Rule 41(b) factors strongly favor dismissal for failure to prosecute. The undersigned accordingly recommends that the Court grant the Motion and dismiss this action without prejudice under Rule 41(b).

Defendants shall serve a copy of this Report and Recommendation on Plaintiff and file proof of service by **August 2, 2023**.

---

[4] The undersigned "recognizes that pro se litigants usually are afforded extra solicitude, particularly with respect to procedural matters. However," as explained above, "the Court has reminded [Plaintiff] of his obligation numerous times. Further, the recommendation for dismissal without prejudice permits [Plaintiff] to bring this lawsuit at another time if and when he is prepared to properly prosecute it." *Pena*, 587 F. Supp. 3d at 114; *see Parsaram v. Specialized Loan Servicing LLC*, No. 19-CV-4965, 2020 WL 6200190, at *3 (E.D.N.Y. Oct. 21, 2020) (similar); *see also Publicola v. Lomenzo*, 54 F.4th 108, 114 (2d Cir. 2022) ("'All litigants, including those proceeding pro se, have an obligation to comply with court orders. When they flout that obligation, they, like all litigants, must suffer the consequences,' which may include 'dismissal of their action.'" (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)) (internal alterations omitted)).

VI. **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests to extend the time for filing objections must be directed to Judge Brown. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

                                              **SO ORDERED:**

Dated:    Central Islip, New York              `s/ Lee G. Dunst`
              July 28, 2023

                                         **LEE G. DUNST**
                                         United States Magistrate Judge